IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FINANCIAL SYSTEMS TECHNOLOGY (INTELLECTUAL PROPERTY) PTY. LTD. and FINANCIAL SYSTEMS TECHNOLOGY PTY. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CDW LLC and INTERATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Financial Systems Technology (Intellectual Property) Pty. Ltd. ("FST-IP") and Financial Systems Technology Pty. Ltd. ("FST") (collectively, "Plaintiffs") file this complaint for patent infringement against CDW LLC ("CDW") and International Business Machines Corporation ("IBM") (together, "Defendants") as follows:

## JURISDICTIONAL STATEMENT

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## BACKGROUND

2. This case relates to (1) U.S. Patent No. 5,604,899, entitled "Data Relationships Processor With Unlimited Expansion Capability," which, after a full and fair examination, was duly and legally issued in the name of Karol Doktor on February 18, 1997 ("the '899 patent"); (2) U.S. Patent No. RE40,520, entitled "Easily Expandable Data Processing System and Method," which, after a full and fair examination and reexamination, was duly and legally issued in the

name of Karol Doktor on September 23, 2008 ("the '520 patent"); and (3) U.S. Patent No. RE40,526, entitled "Data Processing System And Method For Retrieving And Entity Specified In A Search Path Record From A Relational Database," which, after a full and fair examination and reexamination, was duly and legally issued in the name of Karol Doctor on September 30, 2008 ("the '526 patent") (collectively, "the Doktor Patents").

3. The inventions claimed in the Doktor Patents pertain generally to technology which has become fundamental to modern day, commercially successful computer database management systems. The Doktor Patents relate to systems and methods for analyzing, modifying and searching through large scale databases at high speed.

4. The '520 patent and '526 patent were the subject of a patent infringement lawsuit brought by FST-IP and FST against Oracle Corporation, captioned as *Financial Systems Technology (Intellectual Property) Pty. Ltd., et al. v. Oracle Corporation*, Civil Action No. 2:08-cv-371 (E.D. Tex.).

5. The '520 patent has been subject to multiple examinations by the United States Patent and Trademark Office ("USPTO"). In each instance, the USPTO has confirmed the validity of each claim of the '520 patent.

6. The '520 patent was originally issued on October 20, 1998 as U.S. Patent No. 5,826,259 ("the '259 patent"). Oracle Corporation ("Oracle") filed two requests for reexamination of the '259 patent in the USPTO. Oracle identified several prior art patents and publications as part of the reexamination requests and asserted that the prior art invalidated claims of the patent. FST-IP also filed a request to reissue the '259 patent.

7. After full and fair consideration of the claims of the '259 patent and a thorough analysis of the prior art submitted as part of the reexaminations and reissue requests, the USPTO reissued the '259 patent as the '520 patent.

8. The '526 patent has been subject to multiple examinations by the USPTO. In each instance, the USPTO has confirmed the validity of each claim of the '526 patent.

9. The '526 patent was originally issued on April 1, 1997 as U.S. Patent No. 5,617,567 ("the '567 patent"). FST-IP sought reissue of the '567 patent. After full and fair consideration of the claims of the '567 patent and a thorough analysis of the prior art submitted as part of the reissue requests, the USPTO confirmed the validity of the claims and reissued the '567 patent as the '526 patent.

10. After the USPTO granted the reissued '520 and '526 patents, FST-IP, FST and Oracle entered into a settlement agreement which resulted in the dismissal of the above-referenced patent litigation.

## THE PARTIES

11. Plaintiff FST-IP is a company organized and existing under the laws of Australia. FST-IP maintains its principal place of business at 131 Richmond Terrace, Richmond, Victoria, 3121, Australia. FST-IP is the owner of the Doktor Patents and all intellectual property rights referenced herein.

12. Plaintiff FST is a software development company organized and existing under the laws of Australia, and is wholly owned by Plaintiff FST-IP. FST maintains its principal place of business at 131 Richmond Terrace, Richmond, Victoria, 3121, Australia. FST is the exclusive licensee of the Doktor Patents and all intellectual property rights referenced herein.

13. Plaintiffs own and/or have standing to sue for infringement of the Doktor Patents.

14. CDW LLC ("CDW") is an Illinois limited liability company having its principal place of business at 200 N. Milwaukee Ave, Vernon Hills, IL 60061.

15. International Business Machines Corporation ("IBM") is a New York corporation having its principal place of business at 1 New Orchard Road, Armonk, New York 10504.

## JURISDICTION AND VENUE

16. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

17. CDW owns, operates, and/or conducts business through the distribution and sale of computer technology through its website www.cdw.com. CDW has committed acts of infringement in this judicial district, resides in this judicial district, is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has established sufficient contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought in to court in Illinois.

18. IBM owns, operates, and/or conducts business through the distribution and sale of computer technology through its website www.ibm.com. IBM has committed acts of infringement in this judicial district, is registered to do business in the State of Illinois, is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has established sufficient contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought in to court in Illinois.

19. IBM manufactures infringing relational data processing software products, including products such as IBM Tivoli, DB2 Universal Database Version 7; DB2 Universal Database Version 8; and Infosphere Warehouse Version 9. CDW is a distributor of IBM products, including IBM Tivoli; DB2 Universal Database Version 7; DB2 Universal Database Version 8; and Infosphere Warehouse Version 9.

## CLAIMS FOR PATENT INFRINGEMENT

20. To the extent required by law, Plaintiffs have complied with the provisions of 35 U.S.C. § 287.

**Infringement by CDW**

21. CDW has infringed at least one or more claims of the '899 patent within the meaning of 35 U.S.C. § 271(a) by selling and offering for sale, and continuing to sell and offer to sell, relational database technology, including, without limitation, DB2 Universal Database Version 7.

22. CDW has infringed at least one or more claims of the '520 patent within the meaning of 35 U.S.C. § 271(a) by selling and offering for sale, and continuing to sell and offer to sell, relational database technology, including, without limitation, IBM Tivoli, DB2 Universal Database Version 7, DB2 Universal Database Version 8 and Infosphere Warehouse Version 9.

23. CDW has infringed at least one or more claims of the '526 patent within the meaning of 35 U.S.C. § 271(a) by selling and offering for sale, and continuing to sell and offer to sell, relational database technology, including, without limitation, DB2 Universal Database Version 8.

24. CDW's above stated acts of infringement have injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

**Infringement by IBM**

25. IBM has infringed at least one or more claims of the '899 patent within the meaning of 35 U.S.C. § 271(a) by making, using, importing, selling and offering for sale, and continuing to make, use, import, sell and offer for sale, relational database technology, including, without limitation, DB2 Universal Database Version 7.

26. IBM has infringed at least one or more claims of the '899 patent within the meaning of 35 U.S.C. § 271(b) by knowingly and intentionally inducing direct infringement of the Doktor Patents by others, such as customers and end-users, who use DB2 Universal Database

Version 7. IBM has had actual notice of the Doktor Patents, and of its infringing activity. IBM's acts of inducement include, without limitation, selling DB2 Universal Database Version 7 with the intention that customers and end-users use the products in an infringing manner; encouraging customers and end-users to use the products in an infringing manner; and providing instructions and operating manuals instructing customers and end-users to use the products in an infringing manner.

27. IBM has infringed at least one or more claims of the '899 patent within the meaning of 35 U.S.C. § 271(c) by knowingly and intentionally contributing to the direct infringement of the Doktor Patents by others, such as its customers and end-users, who use DB2 Universal Database Version 7. IBM has contributed to such infringement by knowingly selling and offering to sell, and continuing to knowingly sell and offer to sell, the aforementioned products and services, where such products and services constitute a material part of the patented invention, which IBM knows are especially made or adapted for use in an infringing manner, and which IBM knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses. IBM has had actual notice of the Doktor Patents, and of its infringing activity.

28. IBM has infringed one or more claims of the '520 patent within the meaning of 35 U.S.C. § 271(a) by making, using, importing, selling and offering for sale, and continuing to make, use, import, sell and offer for sale, relational database technology, including, without limitation, IBM Tivoli, DB2 Universal Database Version 7, DB2 Universal Database Version 8 and Infosphere Warehouse Version 9.

29. IBM has infringed at least one or more claims of the '520 patent within the meaning of 35 U.S.C. § 271(b) by knowingly and intentionally inducing direct infringement of the Doktor Patents by others, such as customers and end-users, who use IBM Tivoli and DB2

Universal Database Version 7. IBM has had actual notice of the Doktor Patents, and of its infringing activity. IBM's acts of inducement include, without limitation, selling IBM Tivoli and DB2 Universal Database Version 7 with the intention that customers and end-users use the products in an infringing manner; encouraging customers and end-users to use the products in an infringing manner; and providing instructions and operating manuals instructing customers and end-users to use the products in an infringing manner.

30.    IBM has infringed at least one or more claims of the '520 patent within the meaning of 35 U.S.C. § 271(c) by knowingly and intentionally contributing to the direct infringement of the Doktor Patents by others, such as its customers and end-users, who use IBM Tivoli, DB2 Universal Database Version 7, DB2 Universal Database Version 8 and Infosphere Warehouse Version 9. IBM has contributed to such infringement by knowingly selling and offering to sell, and continuing to knowingly sell and offer to sell, the aforementioned products and services, where such products and services constitute a material part of the patented invention, which IBM knows are especially made or adapted for use in an infringing manner, and which IBM knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses. IBM has had actual notice of the Doktor Patents, and of its infringing activity.

31.    IBM has infringed at least one or more claims of the '526 patent within the meaning of 35 U.S.C. § 271(a) by making, using, importing, selling and offering for sale, and continuing to make, use, import, sell and offer for sale, relational database technology, including, without limitation, DB2 Universal Database Version 8.

32.    IBM has infringed at least one or more claims of the '526 patent within the meaning of 35 U.S.C. § 271(b) by knowingly and intentionally inducing direct infringement of the Doktor Patents by others, such as customers and end-users, who use DB2 Universal Database

Version 8. IBM has had actual notice of the Doktor Patents, and of its infringing activity. IBM's acts of inducement include, without limitation, selling DB2 Universal Database Version 8 with the intention that customers and end-users use the products in an infringing manner; encouraging customers and end-users to use the products in an infringing manner; and providing instructions and operating manuals instructing customers and end-users to use the products in an infringing manner.

33. IBM has infringed at least one or more claims of the '526 patent within the meaning of 35 U.S.C. § 271(c) by knowingly and intentionally contributing to the direct infringement of the Doktor Patents by others, such as its customers and end-users, who use DB2 Universal Database Version 7, DB2 Universal Database Version 8 and Infosphere Warehouse Version 9. IBM has contributed to such infringement by knowingly selling and offering to sell, and continuing to knowingly sell and offer to sell, the aforementioned products and services, where such products and services constitute a material part of the patented invention, which IBM knows are especially made or adapted for use in an infringing manner, and which IBM knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses. IBM has had actual notice of the Doktor Patents, and of its infringing activity.

34. IBM has had knowledge of its infringement and continued to willfully and recklessly infringe the Doktor Patents.

35. IBM's above stated acts of infringement have injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against CDW and IBM (including their respective subsidiaries, successors, parents, affiliates, officers, directors,

agents, servants, employees, and all persons in active concert or participation with them) granting the following relief:

    a.    The entry of judgment in favor of Plaintiffs and against CDW and IBM;

    b.    An award of damages as to each of CDW and IBM, such damages adequate to compensate Plaintiffs for the infringement that has occurred by CDW and IBM, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284, together with prejudgment interest from the date infringement began;

    c.    A finding that this case is exceptional and an award to Plaintiffs of their reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

    d.    A finding that IBM's infringement has been willful, and an award of enhanced damages;

    e.    A permanent injunction prohibiting CDW and IBM from further acts of infringement; and

    f.    Such other relief that Plaintiffs are entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

| | |
|---|---|
| Date: December 8, 2011 | Respectfully submitted, |
| | /s/ Dean D. Niro |
| | Raymond P. Niro |
| | Dean D. Niro |
| | Patrick F. Solon |
| | Dina M. Hayes |
| | Robert A. Conley |
| | Oliver D. Yang |
| | NIRO, HALLER & NIRO |
| | 181 W. Madison, Suite 4600 |
| | Chicago, IL 60602 |
| | (312) 236-0733 |
| | Fax: (312) 236-3137 |
| Of Counsel: | rniro@nshn.com; dniro@nshn.com |
| | solon@nshn.com; hayes@nshn.com; |
| Robert S. Bramson | rconley@nshn.com; oyang@nshn.com |
| BRAMSON & PRESSMAN | |
| 1100 E. Hector Street , Suite 410 | |
| Conshohocken, PA 19428 | |
| (610) 260-4444 | *Attorneys for Financial Systems Technology* |
| Fax: (610) 260-4445 | *(Intellectual Property) Pty. Ltd. and Financial* |
| rbramson@b-p.com | *Systems Technology Pty. Ltd.* |